**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

| Leonard Green<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |
|---|---|---|

Filed: April 19, 2012

Mr. Zachary Charles Bolitho
Mr. Steven H. Cook
U.S. Attorney's Office
800 Market Street, Suite 211
Knoxville, TN 37902

Mr. Christopher P. Keleher
Querrey & Harrow
175 W. Jackson Boulevard, Suite 1600
Chicago, IL 60604

Mr. Christopher D. Poole
Mr. Scott A. Winne
U.S. Attorney's Office
1110 Market Street, Suite 301
Chattanooga, TN 37402

Re:  Case No. 09-5568, *USA v. Gary Clay*
     Originating Case No. : 07-00147-001

Dear Counsel,

   Enclosed is a copy of an order filed today designated for full-text publication in the above-styled case.

                                      Yours very truly,

                                      Leonard Green, Clerk


                                      Deputy Clerk

cc:  Ms. Debra Poplin

Enclosure

*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 12a0106p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

    *v.*

GARY CLAY,
        *Defendant-Appellant.*

No. 09-5568

Filed: April 19, 2012

Before: MOORE and KETHLEDGE, Circuit Judges; MARBLEY, District Judge.[*]

---

**ORDER**

---

The court having received a petition for rehearing en banc, and the petition having been circulated not only to the original panel members but also to all other active judges of this court, and less than a majority of the judges having favored the suggestion, the petition for rehearing has been referred to the original panel.

The panel has further reviewed the petition for rehearing and concludes that the issues raised in the petition were fully considered upon the original submission and decision of the case. Accordingly, the petition is denied.

---

[*] The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

KETHLEDGE, Circuit Judge, dissenting from the denial of rehearing en banc. This case presents two significant and recurring issues on which our court has express intra-circuit conflicts. The first issue—on which there is also an inter-circuit split—concerns our standard of review with respect to a district court's determination that bad-acts evidence is admissible for a proper purpose under Federal Rule of Evidence 404(b). The panel majority reviewed this determination de novo, and reversed the district court. *See* Op. at 5. I would have reviewed this determination for an abuse of discretion (and affirmed), not only because that is the standard the Supreme Court has told us to use for evidentiary decisions, but also because the determination rests primarily upon the district court's superior understanding of the issues and evidence at trial. *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 141 (1997); *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008) ("In deference to a district court's familiarity with the details of the case and its greater experience in evidentiary matters, courts of appeals afford broad discretion to a district court's evidentiary rulings"). Specifically, once the district court identifies one of the purposes listed in Rule 404(b), the question then becomes whether, given the issues and evidence in the case, the proposed bad-acts evidence sufficiently aligns with that purpose. The district court knows that ground better than we do. But the more important point is that our decisions show one panel after another disagreeing with each other in published opinions discussing the issue.[1] We ought to clean up our law on this issue.

---

[1] *See, e.g.*, *United States v. Murphy*, 241 F.3d 447, 450 (6th Cir. 2001) (applying de novo review); *United States v. Mack*, 258 F.3d 548, 553 n.1 (6th Cir. 2001) (disagreeing that "we should review *de novo* the district court's decision that the evidence was admissible for a proper purpose"); *United States v. Haywood*, 280 F.3d 715, 720 (6th Cir. 2002) (rejecting precisely the standard of review that the majority employed in this case); *United States v. Perry*, 438 F.3d 642, 647 (6th Cir. 2006) (applying de novo review); *United States v. Matthews*, 440 F.3d 818, 828 (6th Cir. 2006) (same); *United States v. Ayoub*, 498 F.3d 532, 547 (6th Cir. 2007) (same); *United States v. Love*, 254 F. App'x 511, 513-14 (6th Cir. 2007) ("This court's precedent is inconsistent regarding what standard of review applies," but "to the extent that cases after *Haywood* and *Mack* apply the three-tiered standard of review, they are errant"); *United States v. Bell*, 516 F.3d 432, 440 (6th Cir. 2008) (applying de novo review); *United States v. Hembree*, 312 F. App'x 720, 723-24 (6th Cir. 2008) (same); *United States v. Jenkins*, 593 F.3d 480, 484 (6th Cir. 2010) (applying abuse-of-discretion review); *United States v. Allen*, 619 F.3d 518, 524 n.2 (6th Cir. 2010) (noting that this circuit has "repudiated the three-tiered standard of review for Rule 404(b) determinations in light of" *Joiner*); *United States v. Hardy*, 643 F.3d 143, 150 (6th Cir. 2011) (applying abuse-of-discretion review); *United States v. Heard*, No. 08-1426, 2012 WL 636789, at *4 (6th Cir. Feb. 29, 2012) (disagreeing with *Ayoub*, 498 F.3d at 547).

The Supreme Court has encountered the same situation in an analogous context. In *Cooter & Gell v. Hartmax Corporation*, for instance, the Court addressed the question "whether the court of appeals must defer to the district court's legal conclusions in Rule 11 proceedings[,]" where the standard of review is otherwise abuse of discretion. 496 U.S. 384, 401 (1990). And the Court held that, for legal and factual questions alike that require "'fact-intensive, close calls,'" we should apply a "unitary abuse-of-discretion standard." *Id.* at 403, 404 (citation omitted). The question whether bad-acts evidence was admitted for a proper purpose under Rule 404(b) is such an issue.

The mere tincture of a legal issue, in a question predominately factual, should not be enough to vaporize the deference we owe the district court. And there is no disputing that the evidentiary issues presented in this case are predominantly factual. As it turns out, there is a circuit split on this issue: *compare United States v. Green*, 617 F.3d 233, 239 (3d Cir. 2010) (applying de novo review to a district court's determination of proper purpose under Rule 404(b)) *and United States v. Akin*, 213 F. App'x 606, 608 (9th Cir. 2006) (per curiam) (same) *and United States v. Plumman*, 409 F.3d 919, 928 (8th Cir. 2005) (applying de novo review to the district court's "'interpretation and application'" of Rule 404(b) (citation omitted)) *with United States v. Hite*, 364 F.3d 874, 881 n.10 (7th Cir. 2004) *vacated on other grounds by* 543 U.S. 1103 (2005) (rejecting de novo review for this same issue) *and United States v. Gilbert*, 229 F.3d 15, 20-21 (1st Cir. 2000) (holding that, unless the district court "misapprehended the scope of [Rule 404(b)]," "we review its application of Rule[] 404(b) . . . to the proffered evidence only for an abuse of discretion"); *see also United States v. Osorio*, 288 F. App'x 971, 974 (5th Cir. 2008) (per curiam) (applying a "heightened abuse-of-discretion standard" in reviewing the admission of evidence under Rule 404(b)). The circuits are also split (sometimes internally) on essentially the same issue in the context of other evidentiary rules. *Compare United States v. Tatum*, No. 10-2625, 2012 WL 573959, at *3 (6th Cir. Feb. 23, 2012) ("[W]e review *de novo* the court's ultimate legal conclusion that the statements may be received as non-hearsay") *and United States v. Ferguson*, __ F.3d __, 2011 WL 6351862, at *17 (2d Cir. Aug. 1, 2011) (applying de novo review to the question whether evidence is hearsay) *and Mahone v. Lehman*, 347 F.3d 1170, 1171 (9th

Cir. 2003) (applying de novo review to "'construction of the hearsay rule'" (citation omitted)) *with United States v. Brown*, 669 F.3d 10, 22 (1st Cir. 2012) (reviewing admission of purported hearsay for an abuse of discretion) *and United States v. Tran*, 568 F.3d 1156, 1162 (9th Cir. 2009) (reviewing for an abuse of discretion the decision that a statement is admissible hearsay) *and United States v. Lopez-Garcia*, No. 98-2252, 1999 WL 707783, at *2 (10th Cir. Aug. 18, 1999) (applying abuse-of-discretion review to a decision whether evidence is hearsay) *and Trepel v. Roadway Express, Inc.*, 194 F.3d 708, 716-17 (6th Cir. 1999) (rejecting de novo review of the district court's decision whether evidence is inadmissible hearsay); *compare also Echo, Inc. v. Timberland Machs. & Irrigation, Inc.*, 661 F.3d 959, 963 (7th Cir. 2011) (reviewing de novo the admissibility of testimony as lay opinion) *with United States v. Jayyousi*, 657 F.3d 1085, 1102 (11th Cir. 2011) (applying abuse-of-discretion review to "ruling regarding the admissibility of the agent's lay testimony") *and United States v. El-Mezain*, 664 F.3d 467, 511 (5th Cir. 2011) (same). So perhaps eventually the Supreme Court will remind us again that "abuse of discretion is the proper standard of review of a district court's evidentiary rulings." *Joiner*, 522 U.S. at 141.

The second intra-circuit conflict concerns the showing necessary to admit evidence of a defendant's prior crimes under Rule 404(b). For years, the test for admitting such evidence had been whether the defendant's conduct in the prior crime was "sufficiently analogous to support an inference" that the defendant intended to engage in similar conduct in the events giving rise to the pending case. *See United States v. Benton*, 852 F.2d 1456, 1468 (6th Cir. 1988). That test was more flexible—and thus easier to meet—than the test announced in *United States v. Bell*, 516 F.3d 432 (6th Cir. 2008). There, we held that prior-crimes evidence is admissible only if the prior crime was "part of the same scheme or involved a similar *modus operandi*[.]" *Id.* at 443. Here, the majority applied the *Bell* test, whereas I would have applied the *Benton* one—which other circuits apply as well. *See United States v. LeCroy*, 441 F.3d 914, 918, 926 (11th Cir. 2006); *United States v. Shadletsky*, 491 F.2d 677, 677-78 (5th Cir. 1974). But again the relevant point is that we have one panel after another disagreeing

with each other as to which of these tests controls.[2]  The practical result should be intolerable: in our circuit even the most conscientious district-court judge cannot tell what the law is on this important issue.

I respectfully dissent from the denial of rehearing.

ENTERED BY ORDER OF THE COURT

/s/ Leonard Green

———————————————

Clerk

---

[2] *See United States v. Stephens*, 549 F.3d 459, 463 (6th Cir. 2008) (applying *Bell*); *United States v. Freeman*, 412 F. App'x 735, 745 (6th Cir. 2010) (same); *United States v. Hardy*, 643 F.3d 143, 152 (6th Cir. 2011) ("*Bell* is inconsistent with prior precedent and is therefore not controlling"); *United States v. Delaney*, 443 F. App'x 122, 132 (6th Cir. 2011) (applying *Bell*); *United States v. Avalos*, No. 09-6474, 2012 WL 372959, at *2-3 (6th Cir. Feb. 6, 2012) (applying pre-*Bell* test); *see also United States v. Jenkins*, 593 F.3d 480, 485 (6th Cir. 2010) ("Our precedents are hard to reconcile on this point").